In re PEOPLES' DEPARTMENT STORE CO.

(District Court, W. D. New York.  February 21, 1908.)

No. 2,601.

1. SALES—AGREEMENT AS TO PRICE—EVIDENCE—SUFFICIENCY.
    Evidence on an objection to the allowance of a claim in bankruptcy for goods sold *held* insufficient to show that the creditor agreed to accept shares of stock in the bankrupt corporation in part payment.

2. BANKRUPTCY—REFEREE'S FINDINGS—REVIEW—EXCEPTIONS—NECESSITY FOR.
    That no formal exceptions were filed to the decision and ruling of a referee on a creditor's claim does not prevent a review of the referee's findings, in the absence of a rule or order of the District Court requiring exceptions to be filed. .

3. SAME—CONCLUSIVENESS OF FINDINGS.
    The District Court is not bound by a referee's conclusions on a hearing before him, because the witnesses testified before him, where the evidence is not in serious conflict and the conclusions are principally based upon inferences to be drawn from a peculiar state of facts, and where the inferences drawn by the referee are not sufficiently supported by the evidence.

In Bankruptcy.

Raines & Raines, for claimant.

John Desmond and Samuel M. Havens, for trustee.

HAZEL, District Judge.  The claim of George W. Pfohl of $2,003.60 for merchandise sold and delivered to the bankrupt was allowed by the referee for $3.60 only, on the ground that the claimant had received to apply thereon, pursuant to agreement, $2,000 in stock of the said bankrupt corporation.  Claimant has petitioned for a review of said order.

The specific contention before the referee was whether, on or about October 8, 1906, the debt or balance in question was paid in part by delivering to the claimant or his agent 200 shares of preferred stock of the corporation in question.  The position of the trustee is that the creditor, at the time he sold the goods to the bankrupt, agreed to accept in part payment such shares, of the par value of $2,000.  On the other hand, the objecting creditor claims that he did not so agree, that the stock was not delivered to him, and that one Dingens, who was claimed by the bankrupt to have negotiated the sale and to whom the stock was delivered, was not in fact his agent.  The referee decided in favor of the trustee.  His conclusions were doubtless influenced by the typewritten notation on the invoice; i. e., "Terms, 200 shares stock; balance 30 days from date"—which was mailed to the bankrupt about two weeks after delivery of the goods. The evidence indisputably shows, however, that in conversations, prior to the delivery of the merchandise, between Pfohl, Dingens, and Cavanaugh, the former repeatedly stated that he would not accept stock in part payment, which statement he reiterated on several occasions after such delivery.  The testimony of Cavanaugh and Dingens, witnesses for the trustee, upon material features of the transaction and the terms of the contract of sale is wholly unsatisfactory, and certainly leaves vague and indefinite the intention of the parties

as to whether part payment in stock should be made as claimed. The explanation by Pfohl of the notation on the invoice is not inconsistent with his version of the transaction, namely, that Dingens, who was employed by the bankrupt, was to sell within a short time stock of sufficient amount and apply the proceeds in part payment of the goods. It is not pretended that in any of the preliminary conversations there was an express agreement to take the stock in part payment; nor, indeed, is there any evidence indicating that the creditor, subsequently to the sale, assented, or did any act confirmatory of the impression evidently created by the invoice. After careful consideration of the testimony in all its aspects, and the inferences which may fairly be drawn therefrom, I do not agree that the objecting creditor parted with his goods in the understanding, express or implied, that he was to receive and accept shares of stock in part payment. Because of the peculiar indefiniteness of the testimony introduced by the trustee, it would not, I think, in view of the explanation of Pfohl, be justifiable to put controlling weight upon the words on the invoice hereinbefore quoted. The presumption from all the evidence is warranted that the reference to stock on the invoice related to the asserted arrangement between Pfohl and Dingens that the latter would sell shares of stock within 30 days and thereupon transmit the proceeds to the claimant to apply on the purchase.

Counsel for the trustee contend that, as no formal exceptions were filed to the decision and ruling of the referee, his findings of fact should not be disturbed. In the absence of a rule or order of this court requiring exceptions to be filed, such filing was not essential. The petition for review sufficiently indicates the single disputed question which is assigned for error. Nor is the court bound by the conclusions of the referee because the witnesses appeared before him and gave testimony. The evidence is not in serious conflict, and the conclusions are principally based upon inferences to be drawn from a peculiar state of facts. The inferences drawn by the referee are not thought to be sufficiently supported by the evidence, and therefore there can be no valid objection to a decision based upon the facts and circumstances according to the judgment of this court. In re Swift (D. C.) 118 Fed. 348.

The claim should be allowed in the sum of $2,003.60.